Louis B. GINSBERG and Grace Ginsberg, Appellants,

v.

COMMISSIONER OF INTERNAL REVENUE, Appellee.

No. 74–1089.

United States Court of Appeals, Sixth Circuit.

Aug. 29, 1974.

Bennet Kleinman, Gary D. Greenwald, Kahn, Kleinman, Yanowitz & Arnson, Cleveland, Ohio, on brief, for appellants.

Scott P. Crampton, Asst. Atty. Gen., Tax Div., U. S. Dept. of Justice, Washington, D. C., Meyer Rothwacks, Michael L. Paup, David English Carmack, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief, for appellee.

Before PHILLIPS, Chief Judge, and WEICK and ENGEL, Circuit Judges.

PHILLIPS, Chief Judge.

Mr. and Mrs. Louis B. Ginsberg (taxpayers) appeal from a decision of the United States Tax Court upholding the Commissioner's determination of federal income tax deficiencies in the aggregate amount of $29,049.52 for the taxable years 1966 through 1968. We affirm.

For a comprehensive statement of the facts, reference is made to the Tax Court opinion prepared by Judge Theodore Tannenwald, Jr., 32 CCH Tax Ct. Mem. 1019 (1973).

The question before us is whether a trust created by Mr. Ginsberg for the benefit of his minor daughter is a bona fide partner in the family business within the meaning of Int. Rev. Code of 1954, § 704(e). If the trust is held to be a bona fide partner, it would be taxable on its share of the partnership's income. On the other hand, if the trust is determined not to be a bona fide partner, taxpayers are taxable on the entire partnership income for the years in question.

With respect to § 704(e) of the Code, this court in Krause v. Commissioner, 497 F.2d 1109 (6th Cir. 1974), aff'g, 57 T.C. 890 (1972), stated:

"Section 704(e) of the Code provides, in effect, that a person may be recognized as a partner for income tax purposes 'if he *owns* a capital interest in a partnership in which capital is a material income-producing factor.' (Emphasis added.) That section was enacted to prevent taxpayers from using the family partnership as a means of splitting family income and thus circumventing the progressive tax rate structure of the federal income tax. The legislative history of the section shows that Congress wanted the Commissioner and the courts to inquire into the question of whether the donee or the purchaser actually owns the purportedly transferred interest; and, in cases where the transferor retained incidents of ownership, it was the Congressional intent that he be taxable on the partnership's income. H.Rep.No.586, 82d Cong., 1st Sess., p. 33; S.Rep.No.781, 82d Cong., 1st Sess., pp. 39–40; 2 U.S.Code Cong. & Adm.News, pp. 1781, 1813–15 & 1969, 2008–2010. Further, the Commissioner specifically implemented this Congressional purpose in Treas.Reg. § 1.704–1(e)(1)(iii). This court recognized the Congressional purpose in Ballou v. United States, 370 F.2d 659, 661–662 (1966)."

In the present case, Mr. Ginsberg owned as a sole proprietorship prior to 1958 a metal parts manufacturing business which operated under the name of Bonn Machine & Tool Company (Bonn). On January 1, 1958, he executed separate trust and partnership instruments. By a declaration of trust, Mr. Ginsberg attempted to transfer 15 per cent of the assets of Bonn to himself as sole trustee of a trust for the benefit of his then ten year old daughter. By a partnership agreement, Mr. Ginsberg (as trustee) agreed with himself (as an individual) to operate the Bonn business as a partnership. Mr. Ginsberg's stated purpose was to create a "nest egg" for his daughter, but the record does not reveal that a gift tax return was filed.

In holding that the trust was not a bona fide partner in Bonn, the Tax Court found the following factors which evidenced that Mr. Ginsberg had impermissibly retained incidents of ownership over the purportedly transferred property: (1) Mr. Ginsberg "was the donor, sole trustee (with broad powers of management and protected by broad exculpatory clauses) and only other partner." (2) There was no evidence that Mr. Ginsberg "ever actively represented the

trust as an independent factor in the management and operations of the business." (3) There was no evidence that the trust "was ever held out as a partner to customers or creditors of the partnership or banks with which the partnership did business or by the filing of any certificate of doing business." (4) "The partnership agreement did not provide for any right in the trust to sell its partnership interest and that right was severely limited under Ohio law. . . ." Further, the trust could withdraw from the partnership but "without allowance for good will, trade names, patents or other tangible assets." 32 CCH Tax Ct. Mem. at 1023–24.

Upon full consideration of the record, the briefs and oral arguments, this court is of the view that the Tax Court's findings are not clearly erroneous, Fed.R. Civ.P. 52(a), but to the contrary are supported amply by the evidence. Further, we hold that the above facts, considered together in the context of this case, are sufficient as a matter of law to make taxpayers taxable on the entire income of the partnership.

We have recognized that "[t]he bona fides of a family partnership, particularly one involving minor children who contribute no services, is subject to close scrutiny and is a question of fact to be determined under the particular circumstances of each case." *Ballou, supra* at 662. Accordingly, we reject taxpayers' attempt to distinguish the facts in *Ballou* from those in the present case on the grounds that the partnership agreement in *Ballou* expressly prohibited the donor in his capacity as trustee from performing any services for the partnership and that the trust therein was not free to transfer the partnership assets without consent of the other partners. These factual differences do not distinguish *Ballou* materially from the present case in which there is no evidence that the donor taxpayer in his capacity as trustee ever performed services for the partnership and the assets of the trust could be transferred only with great difficulty under limited circumstances and at a considerable sacrifice of good will. As in *Ballou*, the transfer of the property to the trust in this case did not effectively diminish taxpayers' control over the property.

The decision of the Tax Court, being entirely consistent with our opinions in *Krause* and *Ballou, supra,* is affirmed.